The Honorable Rita W. Gruber Circuit/Chancery Judge 3201 W. Roosevelt Rd. Little Rock, AR 72204
Dear Judge Gruber:
This is in response to your request for an opinion on the following questions regarding the Juvenile Code of 1989:
 (1) Whether, and under what circumstances, 18-21 year old persons, who are still under the jurisdiction of the Juvenile Code, may be housed in a juvenile detention facility or a county jail.
 (2) Whether the Department of Human Services, Office of Youth Services, can refuse to accept an adjudicated juvenile, as defined by the Arkansas Juvenile Code, after they reach the age of 18 years?
The Juvenile Code of 1989, codified at A.C.A. §§ 9-27-301 to -351 (Repl. 1991), defines "juvenile" as an individual who:
 (A) Is under the age of eighteen (18) years, whether married or single;
 (B) Is under the age of twenty-one (21) years, whether married or single, who was adjudicated delinquent for an act committed prior to the age of eighteen (18) years and for whom the court retains jurisdiction. In no event shall such person remain within the court's jurisdiction past the age of twenty-one (21) years; or
 (C) Was adjudicated dependent-neglected before reaching the age of eighteen (18) years and who, while engaged in a course of instruction or treatments, requests the court to retain jurisdiction until the course has been completed. In no event shall such person remain within the court's jurisdiction past the age of twenty-one (21) years.
See A.C.A. § 9-27-303(1) (Repl. 1991). Under this definition, it is clear that the term "juvenile" includes individuals between the ages of eighteen and twenty-one who have been adjudicated delinquent for an act committed before their eighteenth birthday or who were adjudicated dependent-neglected prior to reaching the age of eighteen.
Determining whether and under what circumstances these individuals may be housed in a juvenile detention facility requires initial reference to the definition of the terms "detention" and "juvenile detention facility" under the Juvenile Code. The term "detention" is defined as:
 [T]he temporary care of a juvenile in a physically restricting facility, other than a jail or lock-up used for the detention of adults, prior to an adjudication hearing for delinquency or pending commitment pursuant to an adjudication of delinquency.
Similarly, the term "juvenile detention facility" is defined in the Code as:
 [A]ny facility for the temporary care of juveniles alleged to be delinquent, or adjudicated delinquent and awaiting disposition, who require secure custody in a physically restricting facility designed and operated with all entrances and exits under the exclusive control of the facility's staff, so that a juvenile may not leave the facility unsupervised or without permission.
See A.C.A. § 9-27-303(20) (Repl. 1991). Both of these definitions indicate that detention of juveniles refers to time spent in custody prior to adjudication and/or disposition. Seealso A.C.A. § 9-27-313(d) (Repl. 1991).
Thus, it generally appears that individuals between the ages of eighteen and twenty-one may be housed in juvenile detention facilities pending adjudication and/or disposition, so long as the act for which they have been alleged or adjudicated delinquent was committed prior to their eighteenth birthday. Commitment to a juvenile detention facility, however, does not appear to be a disposition option for delinquent juveniles. See
A.C.A. § 9-27-330 (Cum. Supp. 1991). Commitment of a delinquent juvenile appears to be limited to a youth services center operated by the Youth Services Board. Id. It should be noted, however, that a juvenile may not be committed to a youth services center beyond the date of his or her eighteenth birthday. See
A.C.A. § 9-27-331 (Cum. Supp. 1991); A.C.A. § 9-28-209 (Cum. Supp. 1991).
With regard to when a juvenile between the ages of eighteen and twenty-one may be housed in a county jail, it must be noted that detention of a juvenile pending adjudication and/or disposition generally may not be in a jail used for the detention of adults.See A.C.A. § 9-27-303(13) (Repl. 1991).[1] In two limited instances, however, it appears that a juvenile may be held in a county jail prior to adjudication. Under A.C.A. § 9-27-336(b)(2) (Repl. 1991), a juvenile alleged to have committed a delinquent act may be held in an adult jail or lock-up for six hours, for purposes of identification, processing, or arranging for release or transfer to an alternative facility, provided he is separated by sound and sight from adult pretrial detainees or convicts. Similarly, under A.C.A. § 9-27-336(b)(3) (Repl. 1991), an alleged delinquent juvenile awaiting an initial appearance before a judge may be held in an adult jail or lock-up for up to twenty-four hours, excluding weekends and holidays, provided the following conditions exist:
 (A) The alleged act would be a misdemeanor or a felony if committed by an adult; and
 (B) The geographic area having jurisdiction over the juvenile is outside a metropolitan statistical area pursuant to the Bureau of Census' current designation; and
 (C) No acceptable alternative placement for the juvenile exists; and
 (D) The juvenile is separated by sight and sound from adults who are pretrial detainees or convicted persons.
These two situations would appear to be the only circumstances in which juveniles, including those age eighteen to twenty-one, should be housed in county jails prior to adjudication and/or disposition.
I have likewise found no authority for housing these juveniles in a county jail following disposition. As noted above, under A.C.A. § 9-27-330, commitment of a juvenile adjudicated delinquent appears to be limited to a youth services center. While disposition options other than commitment are set out in §9-27-330, including probation and community service, none of those options would appear to authorize or involve housing of the juvenile in a county jail. Id. As also noted, however, juveniles may not be committed to a youth services center beyond their eighteenth birthday. The current statutory scheme thus appears to provide no commitment options for juveniles adjudicated delinquent after their eighteenth birthday. Legislative action may be warranted to rectify this situation. In the meantime, a possible solution to the problem would be to charge juveniles who commit serious delinquent acts within a year of their eighteenth birthday as adults, whenever possible, thereby making the limitations of the juvenile code inapplicable.
Your second question is whether the Department of Human Services, Office of Youth Services, can refuse to accept an adjudicated juvenile after he or she has reached the age of eighteen years. The Juvenile Code provides that once a juvenile is adjudicated delinquent or dependent-neglected, the juvenile court may enter an order transferring legal custody of the juvenile to the Department of Human Services or to another licensed agency responsible for the care of juveniles. See A.C.A. § 9-27-330(1) (Cum. Supp. 1991); A.C.A. § 9-27-334(b) (Repl. 1991). Under the Code's definition of "juvenile," this disposition option would be limited to individuals adjudicated dependent-neglected prior to their eighteenth birthday and to juveniles adjudicated delinquent before or after their eighteenth birthday, so long as the offense for which they were adjudicated delinquent was committed prior to their eighteenth birthday. The disposition option would not extend, however, to individuals who do not meet the definition of juvenile under the Code, that is, individuals adjudicated dependent-neglected after their eighteenth birthday or individuals who committed a delinquent act after their eighteenth birthday. If a court orders a transfer of custody of a juvenile to the Department of Human Services pursuant to A.C.A § 9-27-330, it is my opinion that the Department of Human Services' Office of Youth Services would not be authorized to refuse to accept the individual. Any questions regarding the validity of the court-ordered transfer should be pursued through proper legal channels. It is also important to note that refusal to comply with a lawfully issued court order may subject the Department to punishment for contempt. See generally Ark. Const. Art. 7, §26; A.C.A. § 16-10-108 (1987).
It is true that a juvenile over the age of eighteen may not be committed to a youth services center. See A.C.A. § 9-27-331
(Cum. Supp. 1991); A.C.A. § 9-28-209 (Cum. Supp. 1991). As indicated above, however, I cannot advise defiance of a court-ordered commitment. Instead, further judicial review of such an order should be sought. It is generally my opinion that the Department of Human Services may not refuse to "accept" these older juveniles, except as determined through judicial proceedings.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch
[1] This opinion is limited to juveniles who are under the jurisdiction of the juvenile court and does not address juveniles charged as adults in circuit court.